STATE, Respondent, vs. O'LEARY, Appellant.

*April 12—May 6, 1924.*

*Criminal law: Appeal: Writ of error.*

1. An appeal is a purely statutory proceeding.   p. 49.
2. The supreme court has no jurisdiction to entertain appeals in criminal cases, the remedy being by writ of error as provided in sec. 4724, Stats.   p. 49.

APPEAL from an order of the municipal court of Rock county: H. L. MAXFIELD, Judge. *Dismissed.*

This is an appeal from an order sustaining the state's demurrer to defendant's plea of former conviction.

The cause was submitted for the appellant on the brief of *Edward H. Ryan* of Janesville, and for the respondent on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

CROWNHART, J.   This is an attempted appeal in a criminal cause, wherein the lower court sustained the demurrer to defendant's plea of former jeopardy.   An appeal is a purely statutory proceeding.   The statute makes no provision for appeal to this court in criminal cases.   On the other hand, the practice for obtaining review in this court of proceedings in the lower courts in criminal cases is by writ of error as provided in sec. 4724, Stats.   This court has no jurisdiction of this cause for the reasons stated.   Therefore the appeal should be dismissed.

  *By the Court.*—The appeal from the order of the lower court is dismissed for lack of jurisdiction.